**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**BENTON DIVISION**

|  |  |
|---|---|
| DIANA L. WITTENBRINK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:19-cv-00030-JPG-MAB |
| ULTIMATE MEDICAL ACADEMY, | ) ) ) |
| Defendant. | ) ) |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant UMA Education, Inc., named herein as "Ultimate Medical Academy" ("Defendant"), by and through its undersigned counsel, answers the Complaint of Plaintiff Diana L. Wittenbrink ("Plaintiff") as follows:

### NATURE OF THE ACTION

1. Defendant admits that this action was brought by Plaintiff and asserts claims pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"). Defendant denies that Plaintiff's claims have any merit. Except as expressly admitted, Defendant denies the allegations of Paragraph 1.

### JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent that a response is required, Defendant does not contest the jurisdiction of this Court for the limited purpose of this action only.

3. Paragraph 3 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent that a response is required, Defendant does not contest venue in this judicial district for the limited purpose of this action only.

## PARTIES

4. Admitted.

5. Defendant admits to being a healthcare educational institution with a national presence with the specified principal place of business. Defendant denies regularly conducting business with consumers in Illinois. Except as expressly admitted, Defendant denies the allegations of Paragraph 5.

## FACTS SUPPORTING CAUSE OF ACTION

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis denies it.

7. Defendant admits that Plaintiff provided it with her email address and telephone number. Defendant otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7, and on that basis denies them.

8. Defendant admits that on or about February 9, 2018, Plaintiff made a do not call request to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's mental state, and on that basis denies it. Except as expressly admitted, Defendant denies the allegations of Paragraph 8 and further states that Defendant did not place any calls to the number supplied by Plaintiff after her do not call request.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied. Defendant denies using an automatic telephone dialing system ("ATDS") as that term is used in the TCPA. Among other things, all calls placed to Plaintiff were manually initiated by a human being.

16. Defendant admits it placed calls to Plaintiff's telephone number (618) XXX-9162. Defendant denies knowledge or information as to whether the number it called was a cellular telephone number, and on that basis denies that allegation. Except as expressly admitted, Defendant denies the allegations of Paragraph 16.

17. Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation, and on that basis denies it.

18. Defendant admits that it called Plaintiff using various telephone numbers, including (813) 386-6364.

## DAMAGES

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT 1 – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Defendant restates its responses to Paragraphs 1 through 22 as though fully set forth herein.

24. Defendant denies that Plaintiff did not provide prior express written consent to be called by Defendant at the telephone number she provided, and that Defendant continued calling

3

Plaintiff at that number after she revoked her consent. Defendant further denies that the calls it made to Plaintiff were made using an ATDS; among other things, all calls placed to Plaintiff were manually initiated by a human being. Defendant admits that calls made to the Plaintiff were of a non-emergency nature. Except as expressly admitted, Defendant denies the allegations of Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant admits that Paragraph 25 accurately quotes 47 U.S.C. § 227(a)(1).

26. Denied.

27. Denied.

28. Denied.

29. Defendant admits that on or about February 9, 2018, Plaintiff made a do not call request to Defendant. Defendant denies that it placed any calls to Plaintiff after her do not call request. Except as expressly admitted, Defendant denies the allegations of Paragraph 29.

30. Denied. Defendant further states that none of its calls to Plaintiff were collection calls.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## **GENERAL DENIAL**

Defendant further denies the allegations of the Complaint that are not specifically admitted in the responses set forth above and denies that the Plaintiff is entitled to any of the relief she seeks.

## **AFFIRMATIVE AND OTHER DEFENSES**

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant further pleads the following affirmative and other defenses. By pleading these defenses, Defendant does not in any way agree or concede that it has the burden of proof or persuasion on any of these issues. Defendant reserves the right to assert additional affirmative defenses in the event that discovery or further investigation demonstrates that any such defense is appropriate or applicable.

## **FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Cause of Action)**

The Complaint fails to state a claim upon which relief may be granted. Among other things, the Complaint fails to allege any facts making plausible that the calls placed to Plaintiff were made using equipment which has the capacity to use a random or sequential number generator to store or produce, and dial, random or sequential telephone numbers.

## **SECOND AFFIRMATIVE DEFENSE**
**(Inapplicability of TCPA to Non-Profits)**

Plaintiff's claim is barred, in whole or in part, because tax-exempt nonprofit organizations like Defendant are not subject to much of the TCPA, including the "prior express written consent" requirement for telemarketing calls.

5

### THIRD AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff's claim is barred, in whole or in part, because she gave prior express consent to receive the calls alleged in the Complaint and at no point was contacted after that consent was revoked.

### FOURTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff lacks Article III standing to pursue her claim because she has suffered no concrete injury in fact as a result of any calls placed by Defendant to her.

### FIFTH AFFIRMATIVE DEFENSE
### (First Amendment)

The TCPA is unconstitutional as violative of the First Amendment of the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE
### (Due Process)

The TCPA is unconstitutional as violative of the Fifth Amendment to the United States Constitution both on its face and as applied against Defendant, as the TCPA violates Defendant's due process right by threatening to impose damages grossly disproportional to any actual harm caused.

### PRAYER FOR RELIEF

WHEREFORE, Defendant requests judgment in its favor and against Plaintiff as follows:

(a)  that the Complaint be dismissed, with prejudice and in its entirety;

(b)  that Plaintiff take nothing by the Complaint, and that the judgment be entered against Plaintiff and in favor of Defendant;

(c)  that Defendant be awarded its costs of suit; and

(d) that the Court award Defendant such other and further relief as the Court deems just and proper.

Date: March 14, 2019

Respectfully submitted,

By: */s/ Steven P. Mandell*
Steven P. Mandell (ARDC 6183729)
smandell@mandellmenkes.com
Mandell Menkes LLC
1 North Franklin St., Suite 3600
Chicago, IL 60606
Phone: (312) 251-1001

*Counsel for Defendant UMA Education, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing has been served on March 14, 2019 via the Court's CM/ECF system on all counsel of record who have consented to electronic service.

*/s/ Steven P. Mandell*